## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**MICHAEL R. NEWBERRY**  **PETITIONER**
**ADC #163805**

### CASE NO. 2:20-CV-143-BSM-BD

**ARKANSAS, STATE OF,** *et al.*  **RESPONDENTS**

### RECOMMENDED DISPOSITION

**I.  Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Any party to this lawsuit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.  Discussion:**

Michael R. Newberry filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 2) He also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 1) In his petition, Mr. Newberry complains that hearing officers at the Arkansas Division of Correction (ADC) violated his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. (Doc. No. 2 at p.

9) More specifically, he claims that a disciplinary hearing officer (DHO) found him guilty of possession/introduction/use of a cell phone or cell phone component; possession/introduction/manufacture of any drug, narcotic, intoxicant, tobacco, chemical or drug paraphernalia, unauthorized use of state property/supplies; and possession/introduction/use of unauthorized electronic device without sufficient evidence, all in violation of his due process rights.[1] (Doc. No. 2 at pp. 11-15) He further claims that he is actually innocent of the disciplinary charges. (Doc. No. 2 at pp. 15-16)

As a result of the DHO's decision, Mr. Newberry lost 60 days of commissary privileges, 365 days of phone privileges, and 60 days of visitation privileges; he was confined to punitive isolation for 18 days; and his classification was reduced. (Doc. No. 2 at p. 18)

Even assuming Mr. Newberry's allegations are true, they have nothing to do with the fact or length of his confinement, so his claims are not appropriate for consideration as a habeas corpus petition. See *Heck v. Humphrey*, 512 U.S. 477, 481–82 (1994)(habeas corpus petition challenges only the validity or length of confinement); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)(a habeas petition is "an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody.").

---

[1] The DHO initially also found Mr. Newberry guilty of failure to obey a verbal and/or written order of staff; but on appeal, Director Payne modified the order to find him not guilty of violating that rule.

Here, Mr. Newberry challenges the disciplinary hearing process and his loss of privileges, which concern conditions of his confinement. (Doc. No. 2) The Court offered Mr. Newberry the opportunity to convert his case to a conditions-of-confinement case; but Mr. Newberry objected to the order and insisted that he be allowed to develop his claims through a habeas petition. (Doc. Nos. 3 and 4)

In his objection, Mr. Newberry maintains that his disciplinary conviction, which led to his reclassification and confinement in maximum security, deprived him of a liberty interest. (Doc. No. 4) But, as explained above, this Court does not have jurisdiction to entertain these claims through a habeas petition. Furthermore, even if Mr. Newberry had brought these claims in a civil action under 42 U.S.C. § 1983, they would likely be dismissed because an inmate does not have a liberty interest in classification or in continued confinement in the general prison population. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) and *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship); *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (demotion to segregation, even without cause, is not itself an atypical and significant hardship); and *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (prisoners have no liberty interest in being housed in or transferred to a particular prison unit).

### III.   Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in

the United States District Court. The Court can issue a certificate of appealability only if Mr. Newberry has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Newberry has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**IV.   Conclusion:**

The Court recommends that Judge Miller dismiss Mr. Newberry's habeas corpus petition (Doc. No. 2), without prejudice, for lack of jurisdiction and that he deny the motion for leave to proceed *in forma pauperis* (Doc. No. 1) as moot.

DATED this 14th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE